**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL No. H-18CR333 |
| | § | |
| ROBERT CHARLES WOOTEN | § | |

## ORDER OF DETENTION PENDING TRIAL

    In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), the Government moved for detention in this case. Defendant waived his right to a detention hearing. That waiver is entered in the record as Dkt. No. 14. I conclude that the following facts are established by a preponderance of the evidence or clear and convincing evidence and require the detention of the defendant pending trial in this case.

### Findings of Fact

[ ]   A.   Findings of Fact [18 U.S.C. § 3142(e), § 3142(f)(1)].

    [ ] (1)   The defendant has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

        [ ]   a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

        [ ]   an offense for which the maximum sentence is life imprisonment or death.

        [ ]   an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. ( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

        [ ]   a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

    [ ] (2)   The offense described in finding 1 was committed while the defendant was on release pending trial for a federal, state or local offense.

    [ ] (3)   A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in

finding 1.

[ ] (4)  Findings Nos. 1, 2, and 3 establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community. I further find that the defendant has not rebutted this presumption.

[X]  B.  Findings of Fact [18 U.S.C. § 3142(e)]

[X] (1)  There is probable cause to believe that the defendant has committed an offense

[]  for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C.
() § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

[X]  under 18 U.S.C. § 924(c).

[X] (2)  The defendant has not rebutted the presumption established by finding that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

[X]  C.  Findings of Fact [18 U.S.C. § 3142(f)(2)]

[X] (1)  Defendant is accused of conspiracy to interfere with commerce by robbery and use, carry, and brandish of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 1951 and 924.

[X] (2)  There is a serious risk that the defendant will flee.

[X] (3)  Defendant represents a danger to the community.

[ ] (4)  There is a serious risk that the defendant will (obstruct or attempt to obstruct justice) (threaten, injure, or intimidate a prospective witness or juror, or attempt to do so).

[X]  D.  Findings of Fact [18 U.S.C. § 3142(c)]

[ ] (1)  As a condition of release of the defendant, bond was set as follows:

[ ] (2)

[X] (3)  I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the appearance of the defendant as required.

[X] (4)  I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the safety of any other person or the community.

Written Statement of Reasons for Detention

I find that the accusations in the indictment and the information submitted in the Pretrial Services Agency report establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and by clear and convincing evidence that no conditions will assure the safety of the community.

I conclude that the following factors specified in 18 U.S.C. § 3142(g) are present and are to be taken into account:

1. Defendant is a 41-year-old US citizen and lifelong resident of Houston, TX. His mother is deceased and he has not had contact with his father in 10 years. He has 2 siblings who reside in Houston, but he has no contact with them. Defendant denied owning a passport.

2. Defendant has a common-law relationship with Ms. Perry and they have 4 children. Their 10-year-old son is disabled and Ms. Perry is a housewife. Ms. Perry was diagnosed with cancer, and was recently advised she has a short life expectancy. If released on bond, Defendant plans to return to the 3-bedroom apartment he has with Ms. Perry and their children. Defendant denied having any firearms at the residence.

3. Defendant was employed at Adesa Car Auction, detailing cars for about 1 year prior to his incarceration in January 2018. He earned approximately $1,600/month, and receives $800/month in SSI for his wife and $800 for his disabled son. Defendant reported having no assets or liabilities and his monthly expenses are around $1800.

4. Defendant reported he suffers from seizures, bipolar disorder and schizophrenia. He also reported he suffers from pain in his stomach and legs from gunshot wounds. Defendant used synthetic marijuana and PCP in the past. However, he has not used marijuana since December 2017 or PCP prior to his last arrest.

5. Defendant's extensive criminal history consists of convictions for possession of a controlled substance, false report, criminal trespass, delivery of a controlled substance, theft, possession of marihuana, violation of protective order, criminal mischief, failure to identify, possession of cocaine, burglary of a building with intent to commit theft, indecent exposure, and aggravated robbery.

6. Defendant has not rebutted the statutory presumption that he is a flight risk and a danger to the community. He attempted to flee during his arrest for the instant offense.

7. There is no condition or combination of conditions of release which would assure the appearance of the defendant in court or the safety of the community. Detention is ordered.

Directions Regarding Detention

It is therefore ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with all court proceedings.

Signed at Houston, Texas, on June 25, 2018.

_____
Stephen Wm Smith
United States Magistrate Judge